WOODY v CELLO-FOIL PRODUCTS (AFTER REMAND)

Docket No. 99284. Argued October 10, 1995 (Calendar No. 2). Decided
    February 23, 1996.

   Victoria Woody sought worker's compensation, alleging disability
       arising from her employment with Cello-Foil Products as a
       result of exposure to chemical fumes. A magistrate denied
       benefits. The Worker's Compensation Appellate Commission
       reversed. The Court of Appeals, TAYLOR, P.J., and MICHAEL J.
       KELLY and SHEPHERD, JJ., in an unpublished order, denied
       leave to appeal (Docket No. 141557). The Supreme Court re-
       manded the case to the Court of Appeals to consider whether
       the WCAC exceeded its appellate review authority. 441 Mich 991
       (1993). On remand, the Court of Appeals, MICHAEL J. KELLY,
       P.J., and CONNOR and A. A. MONTON, JJ., affirmed, finding that
       the magistrate failed to make findings of fact regarding causa-
       tion (Docket No. 160702). The defendant appeals.

       In an opinion by Justice CAVANAGH, joined by Chief Justice
   BRICKLEY, and Justices LEVIN and MALLETT, the Supreme Court
   held:

       The magistrate did not make sufficiently detailed findings of
   fact regarding work-related causation to permit separation on
   appeal of the facts found and the law applied. The conclusory
   findings are inadequate because they do not demonstrate the
   path taken through the conflicting evidence, the testimony
   adopted, the standards followed, and the reasoning used to
   reach this conclusion, requiring reversal and remand to the
   magistrate for further proceedings.

       1. The Worker's Disability Compensation Act requires magis-
   trates to make findings of fact and conclusions of law. MCL
   418.847(2); MSA 17.237(847)(2). The Supreme Court cannot
   review a decision of a magistrate unless the findings of fact are
   sufficiently detailed to permit separation of the facts found
   from the law applied. Conclusory findings are inadequate be-
   cause the path the magistrate has taken through the conflicting
   evidence, the testimony adopted, the standards followed, and
   the reasoning used to reach a conclusion need to be known. The
   findings of fact must include as much of the subsidiary facts as
   is necessary to disclose the steps by which the factfinder
   reached an ultimate conclusion on each factual issue. The

findings should be made at a level of specificity that will disclose to the reviewing body the choices made as between competing factual premises at the critical point that controls the ultimate conclusion of fact.

2. Although the magistrate could have clearly articulated his findings of fact and the law he applied, he did not do so. In contrast, he presented some of the medical testimony and then concluded that the plaintiff failed to prove a compensable disability by a preponderance of the evidence. He did not provide any reasoning whatsoever to support that conclusion. The opinion's inadequacy then forced the WCAC to speculate regarding the facts and the legal reasoning that the magistrate relied on to reach his conclusion.

Reversed and remanded to a magistrate for further proceedings and detailed findings of fact regarding whether the plaintiff's injury was caused by her exposure to MEK at the defendant company.

Justice WEAVER, joined by Justices BOYLE and RILEY, dissenting, stated that the magistrate made sufficient findings of fact regarding causation. The Worker's Compensation Appellate Commission exceeded its appellate review authority by substituting its factual findings for those of the magistrate.

The Worker's Disability Compensation Act requires a magistrate to make findings of fact and conclusions of law to facilitate appellate review. Findings of fact map the path taken through conflicting evidence. Brevity in the articulation of factual findings is not fatal as long as the appellate body is not forced to draw so many inferences that its review becomes merely speculative.

In this case, the magistrate adequately stated findings of fact regarding causation. The plaintiff bore the burden of proving by a preponderance of the evidence that her exposure to chemical fumes caused her injury. There was conflicting testimony presented regarding causation. The magistrate did not merely review the evidence; rather, he distilled from the testimony of each doctor facts relevant to the legal question of causation, being cognizant of the causal link required between the plaintiff's alleged disability and her work, and clearly accepted the diagnosis of the defendant's specialist. Appellate review was not hindered by his brevity, nor was it necessary for the WCAC to make inferences in order to understand the magistrate's legal conclusions.

Findings of fact by a worker's compensation magistrate are conclusive on appellate review by the WCAC if supported by competent, material, and substantial evidence on the whole

record. The WCAC must defer to the magistrate's findings of fact if a reasonable mind would accept the evidence on the whole record as adequate to justify the conclusion. If the WCAC finds that a magistrate's decision regarding witness credibility is not supported by substantial evidence, it must clearly explain why. The WCAC acts beyond the scope of its appellate review powers if it renders its own findings of fact in the face of substantial evidence. In this case, the WCAC exceeded its appellate review authority by failing to accord the magistrate's findings the deference required by statute. The magistrate's finding that the plaintiff suffered from a congenital condition that was only temporarily aggravated by chemical fumes is reasonably based on evidence from the record and adequate to justify his conclusion.

204 Mich App 259; 514 NW2d 228 (1994) reversed.

*Ryan, Jamieson & Morris* (by *Christopher D. Morris*) for the plaintiff.

*Kluczynski, Girtz & Vogelzang* (by *Duncan A. McMillan*) for the defendant.

### AFTER REMAND

CAVANAGH, J. The issues presented in this appeal are whether the worker's compensation magistrate made sufficient findings of fact regarding work-related causation, and, if so, whether they were supported by substantial, material, and competent evidence on the whole record. We hold that, in this case, the magistrate failed to make sufficient findings of fact on the causation issue. The magistrate's failure to provide the reasoning supporting his decision to deny benefits to plaintiff was then exacerbated by errors in the decisions of the Worker's Compensation Appellate Commission and the Court of Appeals. Accordingly, we reverse the WCAC and the Court of Appeals and remand to a magistrate for further fact finding regarding work causation. Because the magistrate failed to make the requisite finding, we need not decide the substantial evidence issue.

### I. FACTS

Plaintiff-appellee, Victoria Woody, worked in quality assurance for defendant-appellant, Cello-Foil Products, from September 6, 1977, through March 31, 1987. Plaintiff's position required her to test various samples for their adhesive and bonding properties, a process that exposed her to a variety of chemical fumes. After a number of years in this position, she began experiencing short-windedness that would dissipate after she left work in the evening.

In 1986, shortly after the symptoms arose, plaintiff quit smoking, but testified that her symptoms continued to worsen to include headaches, dizziness, and a burning sensation in her chest. In January 1987, upon the recommendation of the company doctor, plaintiff visited Dr. Stinar, a pulmonary specialist. Plaintiff told Dr. Stinar that her breathing difficulties seemed to be aggravated by methyl ethyl ketone (MEK), an organic solvent she used daily.

Dr. Stinar found that plaintiff had a slight obstruction in her airway, but that her health was basically normal. Recognizing that he could not specifically diagnose plaintiff's ailment, he stated:

> Well, when a person is exposed to different fumes and they experience that type of problem there can be a number of things going on. They can have acute asthma, which would give you the dyspnea, the dizziness, lightheadedness. She could have other types of lung responses . . . . My diagnosis was that she had a sensitivity to the chemicals in her work environment. And at that point her breathing tests were very slightly abnormal with a normal chest x-ray. There wasn't an actual disease label to her condition.

Dr. Stinar advised plaintiff to avoid exposure to chemicals. He later explained his advice:

> Well, a person who gives you a very strong and classic history of having bronchial spasm from exposure would be absolutely foolish to continue with exposure to the substance, whether it be a cat, whether it be a perfume or whether it be chemicals at work.
>
> And although she wasn't disabled when I saw her and probably isn't disabled now, there is no guarantee that if she continued working around there she wouldn't become disabled. And so I have to with all my heart tell her not to be exposed to those chemicals.

As a result of Dr. Stinar's recommendation, plaintiff was transferred to a paperwork position in late January 1987 or early February 1987. Dr. Stinar saw plaintiff again in February and March of 1987, and found that her condition improved when she was not exposed to chemical fumes. On March 31, 1987, plaintiff was fired because defendant company no longer had a paperwork position available for her.

Plaintiff filed her petition with the Bureau of Worker's Disability Compensation on April 7, 1987. In December 1987, of her own accord, plaintiff visited Dr. Brush, also a pulmonary specialist. After reviewing Dr. Stinar's records, Dr. Brush stated that plaintiff had given a "classic history of 'occupational asthma,' . . ." although, at that time he found her breathing to be asymptomatic. Dr. Brush agreed with Dr. Stinar's advice that plaintiff avoid exposure to chemical fumes.

Also in December 1987, but by request of defendant company, plaintiff visited Dr. Hall. Dr. Hall concluded that plaintiff's history and physical examination suggested that she suffered from small airways dysfunction, basing his diagnosis on

breathing tests. He stated that small airways dysfunction is a congenital condition that renders individuals intolerant of odors, fumes, and smoke, but which causes only temporary symptoms, similar to those suffered by plaintiff. When asked whether small airways dysfunction might be caused by exposure to fumes, Dr. Hall responded:

> Certain fumes are highly suspect in terms of small airways dysfunction. . . . [It] is usually seen in people with an asthmatic tendency or in cigarette smokers. I'm not aware of any reports that organic solvents induce small airways dysfunction.

Upon review of the medical depositions provided by both parties and plaintiff's testimony, the magistrate denied plaintiff benefits. In a two-to-one decision, the WCAC reversed and awarded plaintiff continuing disability benefits.

The Court of Appeals first denied defendant company's request for leave to appeal.[1] Defendant company then sought leave to appeal in this Court, and at that time, we remanded the case to the Court of Appeals to consider

> without limitation, the defendant's contention that, on administrative appellate review, the Workers' Compensation Appellate Commission exceeded its authority in reversing the decision of the magistrate.[2]

On remand, the Court of Appeals affirmed the WCAC and stated:

> We need not decide whether the WCAC understood the nature of its review of the magistrate's fact finding. Because the magistrate made no finding of fact regarding the origin of plaintiff's sensi-

---

[1] Unpublished order entered May 20, 1992 (Docket No. 141557).
[2] 441 Mich 910 (1993).

tivity, the wcac was free to make a factual finding of its own on the issue.[3]

This Court granted defendant company's application for leave to consider whether the magistrate made sufficient findings of fact regarding work causation, and, if so, whether the wcac exceeded its review authority.[4]

## II. THE MAGISTRATE'S OPINION

The Worker's Disability Compensation Act requires magistrates to make findings of fact and conclusions of law. MCL 418.847(2); MSA 17.237(847)(2) provides:

> [T]he worker's compensation magistrate, in addition to a written order, shall file a concise written opinion stating his or her *reasoning* for the order including any findings of fact and conclusions of law. [Emphasis added.]

In *Kostamo v Marquette Iron Mining Co,* 405 Mich 105, 136; 274 NW2d 411 (1979), this Court explained that it could not review a decision by the wcac[5] unless its findings of fact

> are sufficiently detailed so that we can separate the facts it found from the law it applied, and that conclusory findings are inadequate because we need to know the path it has taken through the conflicting evidence, the testimony it has adopted, the standards followed and the reasoning used to reach its conclusion. [*Id.*]

---

[3] 204 Mich App 259, 262; 514 NW2d 228 (1994).

[4] 448 Mich 851 (1995).

[5] Although *Kostamo* predated the 1985 amendments of the wdca and thus referred to the wcab rather than the wcac, the principles *Kostamo* expressed apply equally to findings of fact by magistrates under the 1985 amendments of the Worker's Disability Compensation Act.

While *Kostamo* discussed what level of detail was required of WCAC findings, the same requirements also apply to a magistrate's findings. Additionally, as stated in *Powell v Collias,* 59 Mich App 709, 715; 229 NW2d 897 (1975), quoting 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 594:

> "The findings of fact must include as much of the subsidiary facts as is necessary to disclose the steps by which the [factfinder] reached its ultimate conclusion on each factual issue. The findings should be made at a level of specificity which will disclose to the reviewing [body] the choices made as between competing factual premises at the critical point that controls the ultimate conclusion of fact."

Although the magistrate was required to sufficiently detail his factual findings to disclose his analytical process, under the heading "Findings of Fact, Application of Law" in the magistrate's opinion, he merely provided:

> Dr. Stinar again examined the plaintiff on March 30, 1987. He found her lungs clear, she was breathing better and demonstrated none of her previous symptoms. Later medical exams by Dr. Hall and Dr. Brush indicate that the plaintiff is fully able to engage in any form of common labor but that she avoid contact with the chemicals she was exposed to at defendant's plant especially MEK. On page 15 of his deposition Dr. John Hall testified that while the plaintiff does have small airways dysfunction that this is a congenital condition and her exposure to a solvent such as MEK only causes a temporary irritation.
> Based on all the evidence, I find that the plaintiff has failed to prove a compensable disability by a preponderance of the evidence. *Thomas v Chrysler Corporation,* 1986 WCABO 3 . . . . [Aff'd 164 Mich App 549; 418 NW2d 96 (1987).]

Here, the magistrate included only select portions of Dr. Stinar and Dr. Brush's testimony, but he neglected to acknowledge that both of these doctors opined that the plaintiff's injury was caused by her exposure to MEK at defendant company.[6] He did not say that he found Dr. Hall more credible than Drs. Stinar and Brush and thus adopted Dr. Hall's contrary opinion that her injury resulted from a congenital condition rather than from her exposure to MEK at defendant company. Further, he did not explain the law that he applied to arrive at his conclusion. He did not say that he found that plaintiff had failed to prove that her injury was caused by her work at defendant company; nor did he provide the holding or the reasoning of the case law that would support his decision to deny benefits.

Although he did cite *Thomas,* he did not provide the reason for that citation. Nor did he state, as the WCAB did in *Thomas,* that "[i]n this case, we find as fact that the employment . . . caused at most an exacerbation of symptomatology and did not cause or aggravate the plaintiff's underlying condition." 1986 WCABO 5. He could have easily stated that *Thomas* stood for the proposition that an employer is liable for any disability that stems from the plaintiff's sensitivity to chemicals if that sensitivity arose out of her employment. *Thomas,* 164 Mich App 555. However, if it did not arise out of her employment but was a congenital condition, the employer would only be liable for benefits for a work injury that causes temporary symptoms during the time the work-induced symptoms caused disability. *Id.*

---

[6] In Dr. Stinar's deposition of January 11, 1988, he stated on page 9 that the plaintiff's injury was "classic for chemical-induced bronchial spasm." In addition, Dr. Brush determined that the plaintiff had "occupational asthma that developed as a result of chemical exposures on her job." Deposition of March 1, 1988 at 11.

Although the magistrate could have clearly articulated his findings of fact and the law he applied, he did not do so. In contrast, what he did was present some of the medical testimony and then conclude that "the plaintiff has failed to prove a compensable disability by a preponderance of the evidence." He did not provide any reasoning whatsoever to support his conclusion.

The opinion's inadequacy then forced the WCAC to speculate regarding the facts and the legal reasoning that the magistrate relied on to reach his conclusion.[7] Because we are remanding to a magistrate for further fact finding on causation, we decline to discuss the errors made by the WCAC or the Court of Appeals on review.

### III. CONCLUSION

The magistrate did not make findings of fact that were sufficiently detailed for us to separate the facts found from the law applied. Further, the conclusory findings are inadequate because we need to know the path taken through the conflicting evidence, the testimony adopted, the standards followed, and the reasoning used to reach his conclusion. Thus, we reverse the decisions of the WCAC and the Court of Appeals, and remand the case to a magistrate for further proceedings and detailed findings of fact regarding whether the plaintiff's injury was caused by her exposure to MEK at defendant company. *Kostamo, supra* at 138.

BRICKLEY, C.J., and LEVIN and MALLETT, JJ., concurred with CAVANAGH, J.

---

[7] This speculation was further the result of the magistrate's failure to accept the parties' stipulation that the plaintiff was a skilled worker.

WEAVER, J. (*dissenting*). We are asked again[1] to address appellate administrative review in the worker's compensation arena: to determine what are sufficient findings of fact by a magistrate and to clarify the substantial evidence standard adopted by the Legislature in 1985.[2] In this case, I would conclude that the magistrate did make sufficient findings of fact regarding causation and that the Worker's Compensation Appellate Commission exceeded its appellate review authority by substituting its own factual findings for those of the magistrate. Therefore, I would reverse the decision of the Court of Appeals and reinstate the magistrate's decision.

### ADMINISTRATIVE APPELLATE REVIEW

#### A. FINDINGS OF FACT

The Court of Appeals affirmed the WCAC's reversal of the magistrate on the ground that the magistrate failed to make findings of fact regarding the cause of plaintiff's pulmonary difficulties. The Worker's Disability Compensation Act requires magistrates to make findings of fact. MCL 418.847(2); MSA 17.237(847)(2) provides:

> [T]he worker's compensation magistrate, in addition to a written order, shall file a concise written opinion stating his or her reasoning for the order including any findings of fact and conclusions of law.

Findings of fact are "[d]eterminations from the evidence of a case . . . concerning facts averred

---

[1] See, e.g., *Holden v Ford Motor Co,* 439 Mich 257; 484 NW2d 227 (1992).

[2] 1985 PA 103.

by one party and denied by another."[3] Findings of fact are integral to the effective administration of justice. *People v Smith,* 101 Mich App 110, 115; 300 NW2d 470 (1980).

The primary purpose of both administrative and judicial fact finding is to facilitate appellate review.[4] "Findings of fact in a nonjury case serve a function paralleling the judge's charge in a jury case, that of revealing the law applied by the fact finder." *People v Jackson,* 390 Mich 621, 627; 212 NW2d 918 (1973). Findings of fact map the path taken by a trial court through conflicting evidence. *Powell v Collias,* 59 Mich App 709, 714; 229 NW2d 897 (1975), citing *Braidwood v Harmon,* 31 Mich App 49, 58-59; 187 NW2d 559 (1971). Brevity in the articulation of factual findings is not fatal, as long as the appellate body is not forced to draw so many inferences that its review becomes merely speculative. *Powell v Collias, supra* at 714, 716.

In this case, plaintiff bore the burden of proving

---

[3] Black's Law Dictionary (6th ed).

[4] MCR 2.517(A) sets forth the more inclusive requirements for findings by the court than those required of magistrates by MCL 418.847; MSA 17.237(847). MCR 2.517(A) requires:

> (1) In actions tried on the facts without a jury or with an advisory jury, the court shall find the facts specially, state separately its conclusions of law, and direct entry of the appropriate judgment.
> (2) Brief, definite, and pertinent findings and conclusions on the contested matters are sufficient, without over elaboration of detail or particularization of facts.
> (3) The court may state the findings and conclusions on the record or include them in a written opinion.
> (4) Findings of fact and conclusions of law are unnecessary in decisions on motions unless findings are required by a particular rule. See, e.g., MCR 2.504(B).
> (5) The clerk shall notify the attorneys for the parties of the findings of the court.
> (6) Requests for findings are not necessary for purposes of review.
> (7) No exception need be taken to a finding or decision.

by a preponderance of the evidence that her exposure to chemical fumes caused her injury.[5]

> In all successful workers' compensation cases, the claimant must establish by a preponderance of the evidence both a personal injury and a relationship between the injury and the workplace. Where it is only plaintiff's symptoms, not his underlying condition, which have been aggravated by his employment, plaintiff is entitled to a closed award of benefits only.[6] [Citations omitted.]

To that end, plaintiff provided the deposition testimony of two pulmonary specialists, Dr. Stinar and Dr. Brush, both of whom attributed the cause of her difficulties, at least in part, to her exposure to chemical fumes. Of his diagnosis Dr. Brush noted, "[o]bviously this is conjecture on my part since I did not evaluate the patient" when she was working with chemicals. However, defendant's pulmonary specialist, Dr. Hall, attributed the cause of plaintiff's difficulties to a congenital condition that was only temporarily aggravated by exposure to chemical fumes.

Because the doctors' depositions offered conflicting evidence regarding the cause of plaintiff's difficulties, it was incumbent upon the magistrate to articulate which evidence he found persuasive. The magistrate found:

---

[5] See, e.g., *Aquilina v General Motors Corp,* 403 Mich 206, 211; 267 NW2d 923 (1978). "Disability" under the worker's compensation act at the time of plaintiff's April 1987 filing required proof of

> a limitation of an employee's wage earning capacity in the employee's general field of employment resulting from a personal injury or work related disease. The establishment of disability does not create a presumption of wage loss. [MCL 418.401(1); MSA 17.237(401)(1).]

[6] *Thomas v Chrysler Corp,* 164 Mich App 549, 555; 418 NW2d 96 (1987).

Dr. Stinar again examined the plaintiff on March 30, 1987. He found her lungs clear, she was breathing better and demonstrated none of her previous symptoms. Later medical exams by Dr. Hall and Dr. Brush indicate that the plaintiff is fully able to engage in any form of common labor but that she avoid contact with chemicals she was exposed to at defendant's plant especially MEK. On page 15 of his deposition Dr. John Hall testified that while the plaintiff does have small airways dysfunction that this is a congenital condition and her exposure to a solvent such as MEK only causes a temporary irritation.

Based on all the evidence, I find that the plaintiff has failed to prove a compensable disability by a preponderance of the evidence.

The magistrate did not merely review the evidence as concluded by the Court of Appeals.[7] Nor is the magistrate's discussion of the facts impermissibly selective as suggested by the majority.[8] Rather, the magistrate distilled from the testi-

---

[7] The Court of Appeals stated:

In his opinion, the magistrate mentioned evidence concerning the cause of plaintiff's sensitivity. However, he made no express finding of fact regarding the issue. He simply reviewed the evidence, then announced his decision that plaintiff had failed to prove a compensable disability by a preponderance of the evidence. [204 Mich App 259, 261; 514 NW2d 228 (1994).]

[8] *Ante* at 596 and n 6. Ironically, the majority exceeds its review authority and effectively revives de novo review, contrary to the 1985 amendments to the Worker's Disability Compensation Act. By selectively omitting pertinent details from Dr. Brush's testimony, the majority fails to match the magistrate's clarity and thoroughness. Dr. Brush's diagnosis was equivocal. He stated:

Presently there is no evidence of any lung disease whatsoever in Mrs. Woody. *From review of her history and records from Dr. Steiner's* [sic] *office, I would, however, suspect* that she did indeed [sic] an occupational asthma that developed as a result of chemical exposures on her job. She gives a classic history of "occupational asthma" and has cleared significantly since she has left the area. The fact that she saw an allergist and was

mony of each doctor facts relevant to the legal question of compensability. The magistrate was cognizant of the causal link required between plaintiff's alleged disability and her work and he clearly accepted Dr. Hall's diagnosis of small airways dysfunction and that small airways dysfunction was a congenital condition.[9] The possible causes proposed by Drs. Stinar and Brush were incompatible with Dr. Hall's and it was, therefore, unnecessary for the magistrate to specifically reject them.[10]

Furthermore, the magistrate's finding that Drs. Stinar and Brush each advised plaintiff to avoid chemical fumes is not inconsistent with his conclusion that small airways dysfunction caused her symptoms. Even Dr. Hall acknowledged that chemical fumes would temporarily irritate plaintiff's condition. Appellate review was not hindered by the magistrate's brevity, nor was it necessary for the WCAC to make inferences in order to understand the magistrate's legal conclusion regarding

---

told that she had other allergies is likewise very consistent with this development of occupational asthma. *Obviously this is conjecture on my part since I did not evaluate the patient at that time, but it is all very typical of this pattern.* [Emphasis added.]

[9] This conclusion is supported by the fact that the magistrate relied on *Thomas v Chrysler Corp,* 1986 WCABO 3, 4. In *Thomas,* an employee claimed that exposure to grease, oil, and hot temperatures caused "pimpling" all over his body. The WCAB denied the claim because the claimant failed to prove that his work caused or aggravated his preexisting condition. The Court of Appeals affirmed citing *Carter v General Motors Corp,* 361 Mich 577, 594; 106 NW2d 105 (1960). "Where it is only plaintiff's symptoms, not his underlying condition, which have been aggravated by his employment, plaintiff is entitled to a closed award of benefits only." *Thomas,* n 6 *supra* at 555.

[10] The majority's misreading of the magistrate's opinion promises to further confuse this area of law. The law does not require magistrates to discuss and expressly accept or discard every shred of evidence presented.

work causation.[11] Therefore, I would hold that the magistrate adequately stated findings of fact.

## B. SUBSTANTIAL EVIDENCE

The findings of fact by a worker's compensation magistrate are conclusive on appellate review by the WCAC if supported by "competent, material, and substantial evidence on the whole record."[12] The WCAC must defer to the magistrate's findings of fact if "a reasonable mind" would accept the evidence on the whole record as "adequate to justify the conclusion."[13] Magistrates may pass on the credibility of witnesses and draw inferences from the facts they find. *Thomas v Chrysler Corp,* 164 Mich App 549, 557; 418 NW2d 96 (1987). If the WCAC finds that a magistrate's decision regarding witness credibility is not supported by substantial evidence, it must clearly explain why.[14] The WCAC acts beyond the scope of its appellate review powers if it renders its own "findings of fact in the face of substantial evidence . . . ." *Palmer v ITT Hancock,* 189 Mich App 509, 515; 474 NW2d 136 (1991).

This Court addressed review for "substantial evidence" in *Holden v Ford Motor Co,* 439 Mich 257, 261-262; 484 NW2d 227 (1992).

---

[11] Although the parties stipulated skilled employment, the magistrate found that the evidence did not support a finding of skilled employment. The magistrate's mistake does not affect the dispositive issue of work causation, because a finding of work causation was required for both skilled and unskilled employee injuries.

[12] MCL 418.861a(3); MSA 17.237(861a)(3) provides:

> Beginning October 1, 1986 findings of fact made by a worker's compensation magistrate shall be considered conclusive by the commission if supported by competent, material, and substantial evidence on the whole record. As used in this subsection, "substantial evidence" means such evidence, considering the whole record, as a reasonable mind will accept as adequate to justify the conclusion.

[13] *Id.*

[14] *Holden,* n 1 *supra* at 267, n 19.

This substantial evidence standard provides for administrative appellate review more deferential to the hearing officer's decision than de novo review, but for more searching review by the WCAC than judicial review under the "any evidence standard."[15]

Quoting *MERC v Detroit Symphony Orchestra, Inc,* 393 Mich 116, 124; 223 NW2d 283 (1974), in *Holden* this Court stated:

"Although [substantial evidence] . . . review does not attain the status of de novo review, it necessarily entails a degree of qualitative and quantitative evaluation of evidence considered by an agency. Such review must be undertaken with considerable sensitivity in order that the courts accord due deference to administrative expertise and not invade the province of exclusive administrative fact-finding by displacing an agency's choice between two reasonably differing views."[16]

Correct application of the substantial evidence standard furthers the legislative goal of reducing the number of appeals from magistrate decisions. *Holden, supra* at 260.

The WCAC explained its reversal of the magistrate in this case as follows:

In the case before us there is ample medical and lay testimony linking plaintiff's pulmonary problems to her exposure to chemicals at defendant.

For the foregoing reasons, we find that the competent, material, and substantial evidence on the record as a whole, together with the correct application of the relevant law, require a finding that plaintiff has a work-related disability due to

---

[15] *Holden* noted that Const 1963, art 6, § 28 limits judicial appellate review of the Worker's Compensation Appellate Commission. Findings of fact by the WCAC are conclusive absent fraud.

[16] *Holden, supra* at 264-265, n 16.

sensitization found to have developed as a result of her chemical exposure at defendant which prevents her from returning to her skilled work as a laboratory technician. . . . The Magistrate's findings to the contrary are unsupported by the requisite evidence, and they are legally incorrect.[17]

Although the WCAC had no difficulty understanding the magistrate's findings of fact regarding causation, it failed to accord the magistrate's findings the requisite deference.

The correct appellate review standard was not whether there was "ample" evidence linking plaintiff's difficulties to chemical fumes. The correct appellate review standard was whether a reasonable person could accept the magistrate's findings as adequate to support his conclusion that the plaintiff had failed to prove a compensable disability by the preponderance of the evidence.[18]

Because conflicting conclusions could be drawn from the evidence presented in this case, it was the magistrate's duty, as the trier of fact, to discern which evidence he found to be credible.[19] The magistrate's findings were:

1. As of March 30, 1987, Dr. Stinar found that plaintiff exhibited "none of her previous symptoms."
2. Subsequent examinations by Drs. Hall and Brush showed plaintiff to be "fully able to engage in any form of common labor . . . ."
3. Plaintiff was advised by all three doctors to avoid "contact with the chemicals" used at defendant's plant, especially MEK.

17 1991 WCACO 367, 372-373.
18 MCL 418.861a; MSA 17.237(861a).
19 *Thomas,* n 6 *supra.*

4. Plaintiff has "small airways dysfunction."
5. Small airways dysfunction is "a congenital condition."
6. Her exposure to a "solvent such as MEK only causes a temporary irritation."

The WCAC asserted that these findings were "unsupported by the requisite evidence . . . ." 1991 WCACO 367, 373. The WCAC evidently inferred its finding that plaintiff's difficulties "developed as a result of her chemical exposure" from Drs. Stinar and Brush's advice to plaintiff to avoid chemical exposure. However, the WCAC failed to explain why such a finding was necessary, given evidence to the contrary. The WCAC essentially conducted a de novo review when it substituted its findings for those of the magistrate.

Both Dr. Stinar and Dr. Brush appear to have based their advice to plaintiff on plaintiff's self-described symptoms. Because the magistrate had the opportunity to observe plaintiff's testimony and to gauge her credibility, it was within his authority to accord Dr. Hall's diagnosis greater weight. The magistrate's finding that plaintiff suffered from a congenital condition that was only temporarily aggravated by chemical fumes is reasonably based on evidence from the record and adequate to justify his conclusion.

Therefore, I would hold that the WCAC exceeded its appellate review authority by failing to accord the magistrate's findings the deference required by statute.

CONCLUSION

Because the magistrate made findings of fact on the basis of substantial evidence that support his conclusion that plaintiff was not compensably dis-

abled, and because the WCAC failed to accord the magistrate's findings and conclusion the deference required by statute, I would reverse the decision of the Court of Appeals and reinstate the opinion of the magistrate.

BOYLE and RILEY, JJ., concurred with WEAVER, J.