636 N.W.2d 749 (2001)
Audrey SCOTT, Plaintiff-Appellant,
v.
BRODER BROTHERS COMPANY, INC., Defendant-Appellee.
Docket No. 119066, COA No. 230225.
Supreme Court of Michigan.
December 14, 2001.
On order of the Court, the delayed application for leave to appeal from the March 30, 2001 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
TAYLOR, J., concurs and states as follows:
I join in the Court's order to deny leave. I respectfully disagree with Justice Kelly's dissenting statement because, although she cites Mudel v. Great Atlantic & Pacific Tea Co., 462 Mich. 691, 614 N.W.2d 607 (2000), her mode of analysis is inconsistent with that opinion. In effect, Justice Kelly undertakes a de novo review of the Worker's Compensation Appellate Commission (WCAC) opinion on the "substantial evidence" question and concludes that the magistrate's factual findings were supported by competent, material, and substantial evidence on the whole record. However, under Mudel, the judiciary, in reviewing a WCAC opinion, is not to decide anew whether a magistrate's factual findings are supported by the necessary "substantial evidence." See Mudel, supra at 709, 614 N.W.2d 607 ("requiring the judiciary to review the magistrate's decision and determine anew whether that decision is supported under the `substantial evidence' standard ... unequivocally contradicts the clear and plain language of the [Worker's Disability Compensation Act]") (emphasis in the original). Rather, "[a]s long as there exists in the record any evidence supporting the WCAC's decision, and as long as the WCAC did not misapprehend its administrative appellate role (e.g., engage in de novo review; apply the wrong rule of law), then the judiciary must treat the WCAC's factual decisions as conclusive." Id. at 703-704, 614 N.W.2d 607. As we emphasized in Mudel, "[t]hat the justices of this Court may have come to a different conclusion than the WCAC if we were evaluating a matter de novo, or that we may find the magistrate's conclusion to be better supported than the WCAC's conclusion, is irrelevant." Id. at 706, 614 N.W.2d 607. In this case, the WCAC did not misapprehend its administrative appellate role. On the contrary, in its opinion, the WCAC repeatedly stated that it accepted the magistrate's factual findings, but concluded that the magistrate incorrectly applied the law to those facts. The WCAC stated that there was substantial evidence of nonemployment factors weighed against one employment factora minor physical injury of short duration that the magistrate ultimately concluded was not physically debilitating. There was no evidence that this minor physical injury caused any organic neurological damage. Rather, the magistrate concluded that the minor physical injury was the triggering factor that caused the onset of plaintiff's disabling mental depression. The WCAC correctly held, however, that the magistrate failed to properly weigh the employment and nonemployment factors to determine if the relatively minor employment factorthe head injuryoutweighed the "devastating" nonemployment factors in causing the mental disability. Gardner v. Van Buren Public Schools, 445 Mich. 23, 46-47, 517 N.W.2d 1 (1994). The WCAC therefore correctly concluded that the actual *750 employment event did not contribute to, aggravate, or accelerate plaintiff's mental disability in a significant manner. MCL 418.301(2).
MARILYN J. KELLY, J., dissents and states as follows:
In this case, the WCAC overturned the magistrate's award of benefits to plaintiff for a psychiatric injury. It concluded that the magistrate erred in applying the facts to the appropriate legal standard. I think that the WCAC exceeded the scope of its administrative review in reaching its conclusion and would reinstate the decision of the magistrate.
Numerous cases have recognized that the courts treat findings of fact made by the WCAC as conclusive. See, e.g., Maxwell v. Procter & Gamble, 188 Mich.App. 260, 265, 468 N.W.2d 921 (1991). However, this recitation omits a significant prerequisite: When it makes its findings, the WCAC must act within its powers. MCL 418.861a(14). It must not simply substitute its judgment for that of the magistrate. Connaway v. Welded Construction Co., 233 Mich.App. 150, 166, 592 N.W.2d 414 (1998). If it rejects the magistrate's decision, it must base the rejection on facts contained in the record. Holden v. Ford Motor Co., 439 Mich. 257, 278, 484 N.W.2d 227 (1992), abrogated by Goff v. Bil-Mar Foods, Inc. (After Remand), 454 Mich. 507, 563 N.W.2d 214 (1997), reinstated by Mudel v. Great Atlantic & Pacific Tea Co., 462 Mich. 691, 614 N.W.2d 607 (2000); Connaway, supra at 166, 592 N.W.2d 414.
Part of the appellate court's role is to determine whether the WCAC acted within this administrative appellate framework. The court must ensure that the WCAC evaluated the magistrate's decision using the competent, material, and substantial evidence standard. Holden, supra at 267-268, 484 N.W.2d 227. It must evaluate whether the commission acted in a reasoned, careful, and thorough manner that is grounded in the record. Connaway, supra at 170, 174, 592 N.W.2d 414. This requires an examination of the decisions of both the magistrate and the WCAC to consider the nature of the issues, the evidence considered and ignored, and the analysis rendered. Holden, supra at 268, 484 N.W.2d 227; Connaway, supra at 169-170, 592 N.W.2d 414.
I cannot agree that the WCAC applied the correct standard in this case. It concluded that the magistrate erred in finding that plaintiff's work injury "tipped [her] over the edge." A fair reading of the magistrate's decision evidences that he complied with the standard set forth in Gardner v. Van Buren Public Schools, 445 Mich. 23, 517 N.W.2d 1 (1994).
The magistrate noted the difficulties in plaintiff's life and her preexisting depression. He found that, notwithstanding the depression, she was able to continue her employment until a large sheet of plywood fell on her head while she was on the job. The magistrate concluded that the accident contributed to her mental disability in a significant manner by deepening her depression.
Thus, contrary to the WCAC's ruling, the magistrate's decision shows that employment and nonemployment factors were distinguished and that the work-related injury was a significant factor in plaintiff's depression. The WCAC did not find adequate reasons, grounded in the record, for rejecting the magistrate's decision. Instead, it made its own findings of fact, despite substantial evidence supporting the findings of the magistrate. In so doing, it exceeded the WCAC's administrative appellate scope of review. See Woody v. Cello-Foil Prods. (After Remand), 450 Mich. 588, 603, 546 N.W.2d 226 (1996) (Weaver, J., dissenting).
*751 To contend that the judiciary is prohibited from reviewing the WCAC's ruling on the "substantial evidence" issue ignores the language of M.C.L. § 418.861a(14) and the case law cited here. Both demonstrate that the appropriate standard for determining whether the WCAC reviewed the magistrate's decision under the substantial evidence standard logically cannot be the "any evidence" standard applied to factual findings. Application of the latter would effectively bar any meaningful judicial review of decisions of the WCAC.
This is not to say that such a review is de novo. Rather, the proper standard is analogous to the clearly erroneous standard, allowing consideration of the whole record and reversal where the WCAC manifestly exceeded its scope of review. See Holden, supra at 269, 484 N.W.2d 227; Connaway, supra at 167-168, n. 6, 592 N.W.2d 414. This analysis is entirely consistent with Mudel, which affirms Holden. See Mudel, supra at 696-697, 614 N.W.2d 607.
Applying the correct standard here leads to the conclusion that the WCAC erred in reversing the magistrate's open award of benefits because there was substantial evidence supporting it. Therefore, I would reverse the decision of the WCAC and reinstate the magistrate's decision.
MICHAEL F. CAVANAGH, J., concurs with the statement of MARILYN J. KELLY, J.