ANGEL v JAHM, INC

Docket No. 204255. Submitted June 10, 1998, at Detroit. Decided October
27, 1998, at 9:05 A.M.

A worker's compensation magistrate awarded Michael C. Angel spe-
cific-loss benefits payable by his employer, Jahm, Inc., and its
insurer, Wausau Underwriters Insurance Company, after he lost
part of his right leg in a motorbike accident that occurred on an
island that was part of the itinerary of an employer-paid,
mandatory, week-long cruise and management meeting aboard the
cruise ship. The accident occurred while the plaintiff was making
his way back to the ship from a shore excursion in order to pre-
pare to attend a meeting. On appeal, the Worker's Compensation
Appellate Commission reversed the award of benefits, concluding
that the injury was incurred in the pursuit of an activity whose
major purpose was social or recreational such that the injury, while
it was incurred within a reasonable time before work, was nonethe-
less not incurred in the course of employment. MCL 418.301(3);
MSA 17.237(301)(3). The plaintiff appealed by leave granted.

The Court of Appeals *held*:

The commission exceeded its authority when it reversed the
magistrate's decision. Findings of fact by a worker's compensation
magistrate are to be considered conclusive by the commission if
they are supported by competent, material, and substantial evi-
dence on the record. In this case, the magistrate's finding that the
major purpose of the plaintiff's activity at the time of injury was
not social and recreational was supported by competent, material,
and substantial evidence. While there may have been evidence to
support the commission's findings with regard to this issue, the
Court of Appeals and the commission are not authorized to identify
alternative findings to supplant the magistrate's findings. The Court
and the commission must defer to the magistrate with regard to
questions of fact.

Reversed.

WORKER'S COMPENSATION — WORKER'S COMPENSATION MAGISTRATES — WORKER'S
COMPENSATION APPELLATE COMMISSION — FINDINGS OF FACT.

Findings of fact by a worker's compensation magistrate are to be considered conclusive by the Worker's Compensation Appellate Commission if they are supported by competent, material, and substantial evidence on the record.

*Quinn, Borella, Stockton & Amsbaugh, P.C.* (by *Arthur A. Borella*) (*Daryl Royal*, of Counsel), for the plaintiff.

*Hoskins & Barney* (by *Michael J. Barney*), for the defendant.

Before: WAHLS, P.J., and HOLBROOK, JR., and FITZGERALD, JJ.

WAHLS, P.J. In this worker's compensation case, plaintiff appeals by leave granted from a decision of the Worker's Compensation Appellate Commission (WCAC) reversing a magistrate's award of benefits. We reverse the decision of the WCAC and reinstate the magistrate's award.

Plaintiff is employed by defendant Jahm, Inc., as vice president of engineering. In 1993, Jahm held a week-long, senior management meeting, which plaintiff attended. The meeting was held on a cruise ship, and spouses were encouraged to attend. During some of their free time on the trip, plaintiff and his wife rented a motorbike on the island of Martinique. While riding back to the ship, plaintiff was run off the road and suffered injuries that required the amputation of his right leg above the knee.[1] Plaintiff then filed a petition seeking worker's compensation benefits for a specific loss.

---

[1] Plaintiff's wife, who was riding with him, was also injured.

There were only two issues before the magistrate in this case: First, did plaintiff's injury arise "out of and in the course of his employment." MCL 418.301(1); MSA 17.237(301)(1).[2] And second, was plaintiff's injury "incurred in the pursuit of an activity the major purpose of which is social or recreational," MCL 418.301(3); MSA 17.237(301)(3).[3] The magistrate determined that plaintiff's injury arose out of and in the course of his employment and that the major purpose of plaintiff's activity at the time of injury was work-related, not social or recreational. Thus, the magistrate entered an order awarding plaintiff specific-loss benefits. Defendants then appealed to the WCAC. In their appeal, defendants raised only one issue. They claimed that, assuming plaintiff's injury arose out of and in the course of his employment, the magistrate erred in concluding that MCL 418.301(3); MSA 17.237(301)(3) did not apply.[4] Thus, the only issue before the WCAC was whether plaintiff's injury

---

[2] That section reads in part:

An employee, who receives a personal injury arising out of and in the course of employment by an employer who is subject to this act at the time of the injury, shall be paid compensation as provided in this act. [MCL 418.301(1); MSA 17.237(301)(1).]

[3] That section reads in part:

An employee going to or from his or her work, while on the premises where the employee's work is to be performed, and within a reasonable time before and after his or her working hours, is presumed to be in the course of his or her employment. Notwithstanding this presumption, an injury incurred in the pursuit of an activity the major purpose of which is social or recreational is not covered under this act. [MCL 418.301(3); MSA 17.237(301)(3).]

[4] We question whether an employer who requires attendance at an event should be permitted to argue that the major purpose of the event was social or recreational in order to avoid liability. However, the parties have not raised this issue, and we will not attempt to resolve it here.

was incurred in the pursuit of an activity the major purpose of which was social or recreational.[5] The WCAC concluded, in a 2-1 decision, that the major purpose of plaintiff's activity at the time he was injured was social or recreational, and reversed the magistrate's award.

Our review of the WCAC's decision is limited; the only issue before us is whether the WCAC exceeded its authority when it reversed the magistrate's decision. *Goff v Bil-Mar Foods, Inc (After Remand)*, 454 Mich 507, 538; 563 NW2d 214 (1997). Our Supreme Court has articulated the scope of the WCAC's authority:

> If the magistrate's decision is reasonably supported in the record by any competent, material, and substantial evidence, then it is conclusive and the WCAC must affirm. If it

---

[5] Plaintiff argues that, as a traveling employee, he was entitled to compensation for any injury arising in the course of his travel. The "traveling employee" doctrine has previously been applied in determining whether a plaintiff's injury arose out of and in the course of his employment. Another panel of this Court recently described the doctrine:

> Traveling employees on a business trip are considered to be continuously within the scope of their employment during their trip, except when a distinct departure for a personal errand can be shown. Thus, for traveling employees, the "arising out of and in the course of employment" tests are generally met by their being away from home for their employer's benefit and being at the place of injury because of their employment. [*Eversman v Concrete Cutting & Breaking*, 224 Mich App 221, 225; 568 NW2d 387 (1997) (citations omitted).]

As noted above, defendants have not appealed the magistrate's finding that plaintiff's injury arose out of and in the course of his employment. Thus, the traveling employee doctrine does not have any direct application here. Plaintiff essentially asks us to extend the traveling employee doctrine by creating a presumption that a traveling employee on a business trip is not engaged in an activity that is primarily social or recreational in nature. Because we conclude that the magistrate's decision must be reinstated even without such a presumption, we decline to address this issue.

does not, it is exceeding the scope of its reviewing power and impermissibly substituting its judgment for the magistrate's. In reviewing the magistrate's decision, the WCAC must do so with sensitivity and deference toward the findings and conclusions of the magistrate in its assessment of the record. If in its review the WCAC finds that the magistrate did not rely on competent evidence, it must carefully detail its findings of fact and the reasons for its findings grounded in the record. [*Id.*][6]

Here, the WCAC exceeded its authority when it reversed the magistrate's decision. The question whether a plaintiff was engaged in "an activity the major purpose of which is social or recreational" is necessarily one of fact. The testimony in this case showed that, at the time he was injured, plaintiff was traveling on a motorbike on his way back to a cruise ship to get something to eat and prepare for a business meeting. Plaintiff further testified that the meeting was to be held on the cruise ship, that the entire trip was paid for by the employer, and that the trip was essentially mandatory. This testimony constituted competent, material, and substantial evidence to support the magistrate's finding that the major purpose of plaintiff's activity at the time of his injury was not social or recreational. While there may also have been evidence to support the WCAC's findings regarding this issue,[7] this Court and the WCAC are not authorized to

---

[6] The Supreme Court recently reaffirmed this holding. See *Layman v Newkirk Electric Associates, Inc,* 458 Mich 494, 507; 581 NW2d 244 (1998).

[7] The two commissioners writing the majority opinion interspersed numerous findings of fact among their opinions and legal conclusions:

The so-called "Senior Management Meeting" was already, from its very nature, an at-most marginal work-related event. It already

identify alternative findings that could have been supported by substantial evidence and then supplant the magistrate's findings with our own. Instead, we must defer to the magistrate with regard to questions of fact. *Layman v Newkirk Electric Associates, Inc,* 458 Mich 494, 507-508; 581 NW2d 244 (1998). Because there was sufficient evidence to support the magistrate's findings, the WCAC erred in substituting its own findings.

The decision of the WCAC is reversed, and the decision of the magistrate is reinstated.

---

had very little to it that was *not* "social or recreational." Now we add to this already less than fully work-related event an additional diversion or deviation – leaving the plush confines of the luxurious cruise ship during a designated "free" time in order to explore the island *on a motorbike.* Plaintiff and his wife decided to risk their safety by engaging in the inherently dangerous activity of riding about on a motorbike in a strange land. The idea that this deviation from a trip that was already in itself a significant deviation from normal workplace activity, all crafted to satisfy the social and recreational desires of high paid executives . . . should somehow still be deemed work-related exceeds our conception of a reasonable interpretation of the law. [Emphasis in original.]

From their findings, we can only conclude that the commissioners did not approve of the course of plaintiff's employment. Apparently, the commissioners do not believe that "high paid executives" who work in "luxurious" surroundings should qualify for worker's compensation benefits when they "significantly deviate" from "normal workplace activities." We have not found any case law or statute suggesting that any of these factors are relevant in this case. In addition, we note that all of these factors were in the control of the employer, rather than plaintiff. Perhaps the commissioners expected plaintiff to refuse to work under such conditions. We conclude that the commissioners should have confined their analysis to the question whether an employee, who the parties agreed was acting within the scope of his employment when he lost his leg, was entitled to benefits under the Worker's Disability Compensation Act. As noted above, the commissioners' only role in this regard was to determine whether the magistrate's findings were supported by competent, material, and substantial evidence.