WOODY v CELLO-FOIL PRODUCTS (ON REMAND)

Docket No. 160702. Submitted December 8, 1993, at Grand Rapids. Decided March 21, 1994, at 9:50 A.M.

Victoria Woody sought workers' compensation benefits from Cello-Foil Products, alleging that exposure to a certain chemical while working as a Cello-Foil laboratory technician caused her to suffer asthma-like symptoms when exposed at work to other chemicals to which she had not had a reaction in the past. A magistrate in the Bureau of Workers' Disability Compensation found that Woody had failed to prove a compensable disability. The Workers' Compensation Appellate Commission, finding that Woody had established disability, reversed. The Court of Appeals denied an application by Cello-Foil for leave to appeal. The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for consideration as on leave granted. 441 Mich 910 (1993).

On remand, the Court of Appeals *held:*

1. In the absence of a finding by the magistrate with respect to whether Woody's sensitivity to chemicals originated from the workplace, the appellate commission was free to make a finding of its own, and the finding it did make, that the sensitivity had a work-related origin, was supported by a preponderance of the evidence presented to the magistrate.

2. The appellate commission correctly found that because Woody's sensitivity to chemicals prevents her from working in her general field of employment, she was totally disabled for purposes of workers' compensation.

Affirmed.

*Ryan, Jamieson & Morris* (by *Christopher D. Morris*), for the plaintiff.

*Kluczynski, Girtz & Vogelzang* (by *Duncan A. McMillan*), for the defendant.

ON REMAND

Before: MICHAEL J. KELLY, P.J., and CONNOR and
A. A. MONTON,* JJ.

CONNOR, J. Defendant appeals from a decision of
the Workers' Compensation Appellate Commission.
A workers' compensation magistrate found that
plaintiff had failed to prove a compensable disabil-
ity by a preponderance of the evidence. The WCAC
reversed the decision, finding that plaintiff had
proven a compensable disability. This Court denied
defendant leave to appeal. However, our Supreme
Court has remanded this case to us for considera-
tion as on leave granted. 441 Mich 910 (1993). We
now affirm.

Defendant contends that the WCAC did not use
the appropriate standard of review when scrutiniz-
ing the magistrate's findings of fact. The WCAC is
bound by the magistrate's findings of fact if they
are supported by competent, material, and sub-
stantial evidence on the whole record. MCL
418.861a(3); MSA 17.237(861a)(3). This Court's task
is to determine whether the WCAC understood the
nature of its review of the magistrate's findings of
fact. *Holden v Ford Motor Co,* 439 Mich 257, 268;
484 NW2d 227 (1992).

Almost none of the facts in this case have ever
been in dispute. Plaintiff is an otherwise healthy
person who, when exposed to certain chemicals,
becomes temporarily disabled by asthma-like
symptoms. Plaintiff's job with defendant exposed
her to these chemicals routinely, and her symp-
toms grew worse until they eventually made it
impossible for her to do her job. Defendant put her
in a different job where her exposure to the chemi-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

cals was supposed to have been reduced, but her symptoms persisted. As an experiment, defendant temporarily gave plaintiff a job where she was not exposed to any chemicals, and her symptoms disappeared. Basically, defendant then laid off plaintiff because it did not have a job for her away from the chemicals from which she suffers a reaction and it was afraid that continued exposure to the chemicals would permanently damage her lungs. All the doctors involved agree that plaintiff is able to work, but that she should not be exposed to the chemicals.

There is only one question of fact that is at issue in this appeal: the origin of plaintiff's sensitivity to chemicals in the workplace. If plaintiff's sensitivity to chemicals arose out of her employment, any disability stemming from that sensitivity would be compensable; if it did not, she could only be compensated for those brief periods when work-induced symptoms disabled her. See *Carter v General Motors Corp,* 361 Mich 577, 594; 106 NW2d 105 (1960); *McDonald v Meijer, Inc,* 188 Mich App 210, 215; 469 NW2d 27 (1991); *Thomas v Chrysler Corp,* 164 Mich App 549, 555; 418 NW2d 96 (1987).

In his opinion, the magistrate mentioned evidence concerning the cause of plaintiff's sensitivity. However, he made no express finding of fact regarding the issue. He simply reviewed the evidence, then announced his decision that plaintiff had failed to prove a compensable disability by a preponderance of the evidence. His citations to legal authority show that he was not aware of the importance of this issue. In fact, given his analysis, it would not have been necessary for him to decide the issue.[1] Consequently, it would not be

---

[1] The magistrate decided that plaintiff had not presented sufficient evidence to establish that her job was skilled employment. This was error, as the WCAC found, because the parties had stipulated skilled

fair to say that the magistrate even made implicit findings of fact regarding this issue.

We need not decide whether the WCAC understood the nature of its review of the magistrate's fact finding. Because the magistrate made no finding of fact regarding the origin of plaintiff's sensitivity, the WCAC was free to make a factual finding of its own regarding the issue.

Defendant argues that, in making its finding regarding the issue of what caused plaintiff's sensitivity, the WCAC required the wrong burden of proof. We disagree. A claim must be established by a preponderance of the evidence. MCL 418.851; MSA 17.237(851). The WCAC's somewhat inartful statement that the evidence could lead to only one conclusion shows that it found the claim to be established by at least a preponderance of the evidence.

The WCAC found that plaintiff's sensitivity was caused by her exposure to chemicals in the workplace. Defendant claims that this finding is not supported by any evidence in the record. We find that plaintiff's work history provides sufficient evidence for the WCAC to have drawn the inference it did. Plaintiff worked with most of these chemicals for years without experiencing difficulty. Then defendant introduced a new chemical to the workplace. Plaintiff immediately experienced a reaction to it. Thereafter, even when plaintiff was kept away from the new chemical, she would develop symptoms when exposed to chemicals to which she had not previously been sensitive. From this evidence it is reasonable to infer that plaintiff's exposure to the new chemical had sensitized her to the other chemicals.

---

employment, which eliminated plaintiff's burden to present evidence regarding the issue. Because plaintiff's sensitivity to chemicals would not prevent her from working in almost any unskilled job, it did not matter what caused it: the sensitivity could not be a disability.

Finally, defendant contends that the WCAC erred when it found that plaintiff was disabled as a result of her sensitivity. Given the date of injury, disability is defined as a limitation of an employee's wage-earning capacity in the employee's general field of employment resulting from personal injury or work-related disease. Former MCL 418.401(1); MSA 17.237(401)(1); see *Turrentine v General Motors Corp,* 198 Mich App 572, 575; 499 NW2d 411 (1993). Included are diseases or disabilities that are "due to causes and conditions . . . characteristic of and peculiar to the business of the employer and which arise[] out of and in the course of the employment." MCL 418.401(2)(b); MSA 17.237(401)(2)(b).

Plaintiff is a laboratory technician. The WCAC found that her sensitivity to chemicals prevents her from working in her general field of employment. Because the chemicals involved are not exotic or unusual, the evidence supports this finding. Given the factual finding, the legal conclusion that plaintiff is disabled is correct.

Defendant challenges the finding of total disability on the basis of *Sobotka v Chrysler Corp (On Rehearing),* 198 Mich App 455; 499 NW2d 777 (1993), lv gtd 443 Mich 869 (1993). In *Sobotka,* the Court was faced with a finding of partial disability and said that when there is a finding of partial disability, the extent of the disability must be determined. In this case, the WCAC did not explicitly state that it found plaintiff totally disabled. However, it did say that plaintiff's sensitivity prevented plaintiff from working in her general field of employment, it did not merely impair her ability to do so. Considering plaintiff's testimony regarding her symptoms when exposed to chemicals, the doctors' uniform recommendations that she should not be exposed to chemicals further, and

the relatively innocuous nature of the chemicals to which she seems to be reacting, the WCAC's implicit finding that plaintiff's disability was total is supported by the record. We see no reason to remand for the WCAC to make the finding explicit.

Affirmed.