LAYMAN V NEWKIRK ELECTRIC ASSOCIATES, INC, No. 105245. Reported at 458 Mich 494.

WEAVER and TAYLOR, JJ. We would grant rehearing.

*Order Entered September 15, 1998:*

PROPOSED AMENDMENT OF MCR 2.203. On order of the Court, this is to advise that the Court is considering an amendment of Rule 2.203 of the Michigan Court Rules. Before determining whether the proposal should be adopted, changed before adoption, or rejected, this notice is given to afford any interested person the opportunity to comment on the form or the merits of the proposal. We welcome the views of all who wish to address the proposal or who wish to suggest alternatives.

As whenever this Court publishes an administrative proposal for comment, we emphasize that publication of this proposal does not mean that the Court will issue an order on the subject, nor does it imply probable adoption of the proposal in its present form.

[The present language would be amended as indicated below:]

RULE 2.203. JOINDER OF CLAIMS, COUNTERCLAIMS, AND CROSS-CLAIMS.

(A) Compulsory Joinder.

(1) In a pleading that states a claim against an opposing party, the pleader must join every claim that the pleader has against that opposing party at the time of serving the pleading, if it arises out of the transaction or occurrence that is the subject matter of the action and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction.

(2) Failure to object in a pleading, by motion, or at a pretrial conference to improper joinder of claims or failure to join claims required to be joined constitutes a waiver of the joinder rules, and the judgment shall only merge the claims actually litigated. This rule does not affect collateral estoppel or the prohibition against relitigation of a claim under a different theory.

(B)- F) [Unchanged.]

*Staff Comment:* The proposal to amend MCR 2.203(A) comes from the Representative Assembly of the State Bar of Michigan, upon recommenda-

tion of the Civil Procedure Committee. In its report to the Representative Assembly, the Committee provided the following explanation:

The committee proposes to delete subsection (A)(2) and thereby to eliminate a procedural quirk that sometimes prevents the common law doctrine of res judicata from working. Subsection (A)(2) contains an anomalous requirement: unless the opposing party formally objects to the claimant's failure to join all possible claims arising from the same transaction or occurrence, the judgment only merges claims actually litigated. If there were no Subsection (A)(2), then the opposing party would not have to object to nonjoinder; the common law doctrine of res judicata would automatically bar all claims arising out of the same transaction or occurrence that could have been litigated. The committee could not find any good reason for subsection (A)(2)'s easily-overlooked prerequisite that hinders the operation of res judicata. The committee felt that the proposed amendment would foster judicial economy and avoid piecemeal, duplicate litigation. It also would make Michigan practice consistent with federal rule practice, and practice in most other jurisdictions. After we passed this rule change, one of our committee members suggested that somehow it should be made clear that this change in the rules operates only prospectively to cases filed after the effective date of the rule change.

The staff comment is published only for the benefit of the bench and bar and is not an authoritative construction by the Court.

> Publication of this proposal does not mean that the Court will issue an order on the subject, nor does it imply probable adoption in its present form. Timely comments will be substantively considered and your assistance is appreciated by the Court.

A copy of this order will be given to the secretary of the State Bar and to the State Court Administrator so that they can make the notifications specified in MCR 1.201. Comments on this proposal may be sent to the Supreme Court Clerk within 60 days after it is published in the *Michigan Bar Journal*. When filing a comment, please refer to our file number 98-26.

*Rehearing Denied October 7, 1998:*