CANE v MICHIGAN BEVERAGE COMPANY

Docket No. 211485. Submitted October 5, 1999, at Detroit. Decided March 3, 2000, at 9:00 A.M.

Gilbert Cane sought worker's compensation benefits for low-back and related orthopedic disabilities that allegedly arose out of and in the course of his employment with Michigan Beverage Company. The plaintiff testified that he experienced severe low-back pain after falling from a ladder at work, that he continued working despite continuing to experience problems with his low back and legs, and that he again hurt his back at work shortly before he was laid off from his employment in December 1993. The magistrate opined that it appeared that the plaintiff was partially disabled at the time of the hearing in 1995, but that the plaintiff had not been disabled on his last day of work. The magistrate held that, because the plaintiff's disability resulted from the worsening of his condition after he had ceased his employment, the disability was not work-related and the plaintiff was not entitled to benefits. The plaintiff appealed, arguing that the magistrate's finding that the plaintiff was not disabled as of his last day of work was not supported by the requisite competent, material, and substantial evidence on the whole record and that, even if he was not disabled as of his last day of work, the magistrate's conclusion that the disability could not be considered to be work-related if it did not manifest itself until after the last day of work was erroneous. The Worker's Compensation Appellate Commission held that the magistrate erred in concluding that a disability is not compensable if it has not manifested itself by the last day of work. However, the commission went on to find that the plaintiff had failed to establish any compensable disability at all, opining that the magistrate's finding to the contrary was not supported by competent, material, and substantial evidence on the whole record, and, accordingly, affirmed, "with modification," the magistrate's denial of benefits. The plaintiff appealed by leave granted.

The Court of Appeals held:

1. The Worker's Compensation Appellate Commission exceeded its authority by reviewing the magistrate's factual determination that the plaintiff was partially disabled as a result of his low-back condition at the time of the hearing before the magistrate. The

commission may review only those specific findings of fact that the parties have requested to be reviewed. No party challenged the magistrate's finding that the plaintiff was partially disabled at the time of the hearing. The appeal to the commission challenged the magistrate's conclusion that the disability was not work-related because the disability had not manifested itself by the plaintiff's last day of work, not the magistrate's factual conclusion that the plaintiff was partially disabled at the time of the hearing.

2. Because the magistrate resolved the question whether the disability was work-related by the application of the erroneous conclusion of law that an injury is not compensable if the disability has not manifested itself by the last day of work and, accordingly, did not make findings of fact with respect to whether the plaintiff's disability at the time of the hearing was work-related, the commission, on holding that the magistrate erred as a matter of law, should have remanded the matter to the magistrate for factual findings concerning whether the disability was work-related. The order of the Worker's Compensation Appellate Commission must be vacated, and the matter must be remanded to the magistrate for reconsideration of the question whether the disability is work-related.

Vacated and remanded.

*James A. Tanielian (Daryl Royal, of Counsel),* for the plaintiff.

Before: WILDER, P.J., and BANDSTRA and CAVANAGH, JJ.

PER CURIAM. Plaintiff was granted leave to appeal an order of the Worker's Compensation Appellate Commission (WCAC) that affirmed, "with modification," a magistrate's decision denying plaintiff benefits for low-back and related orthopedic disabilities. We vacate the WCAC's April 3, 1998, decision and remand to the magistrate.

Plaintiff was employed by defendant from 1958 through December 1, 1993, when he was laid off because defendant went out of business. His job required him to take five-gallon buckets of soft drink

product, climb a ladder, and dump them into a tank. According to plaintiff, each bucket weighed thirty-five to forty pounds and he handled forty-five to sixty buckets a day. Additionally, he had to remove the lids from between forty and sixty fifty-five-gallon drums a day, by jostling the drums, which weighed three hundred pounds apiece.

Plaintiff testified that he experienced severe low-back pain after falling off a ladder at work in early 1991, with the pain going into his right groin and causing numbness in his right leg. He also testified that he injured his left knee by falling off a ladder at work several years before his last day at work. Plaintiff explained that he kept on working despite continuing problems with his low back, right leg, and left knee because he wanted to be able to qualify for a twenty-five-year pension by working through 1996. Plaintiff testified that he received some help from his co-workers, who occasionally dumped barrels for him in order to give him a break. According to plaintiff, he again hurt his back on the job in December of 1993, just before his last day of work, while moving a barrel.

After plaintiff was laid off, he sought work driving a forklift, something he felt might be easier on his back. However, he did not receive any job offers, and he subsequently moved to the state of Texas. At the time of the hearing in 1995, plaintiff testified that because of his back pain, he would not have been able to return to his job with defendant, if it were available, and he did not think that he would even be able to drive a forklift anymore.

The magistrate opined that, on the basis of the medical evidence, plaintiff "appears" to be partially

disabled at the present time, as a result of his low-back condition. However, the magistrate did not award plaintiff benefits for his low-back condition because the magistrate was not persuaded that plaintiff's condition at the time of the hearing was causally related to his employment with defendant. Specifically, the magistrate opined that plaintiff had not been disabled as of his last day of work for defendant and that, because his present disability is the result of a subsequent worsening of his condition, the disability is not work-related.

Plaintiff appealed the magistrate's decision to the WCAC, arguing that "[t]he magistrate's finding that plaintiff was not compensably disabled is legally erroneous and factually unsupported." Specifically, plaintiff argued that the magistrate's finding that plaintiff was not disabled at the time he was laid off from working with defendant is not supported by the requisite competent, material, and substantial evidence on the whole record. Alternatively, plaintiff argued that even if he was not disabled on his last day of work, the magistrate's conclusion that plaintiff's disability could not be considered work-related if it did not manifest itself until after plaintiff's last day of work is legally erroneous.

The WCAC initially agreed with plaintiff that the magistrate had erred in concluding that plaintiff's low-back disability was not work-related because it did not develop until after plaintiff's last day of work. In this regard, the WCAC noted that "it is well established that a disability may manifest itself after the last day worked and still be compensable." However, the WCAC then went on to decide that plaintiff had wholly failed to establish any compensable disability

at all, either before or after his last day of work for defendant, opining that the magistrate's finding to the contrary is not supported by the requisite competent, material, and substantial evidence on the whole record. In this regard, the WCAC found the medical evidence insufficient to provide competent, nonspeculative proof of either disability or causation. The WCAC also questioned the credibility of plaintiff's own testimony regarding the issue of work-relatedness.

In this manner, the WCAC essentially applied a harmless-error analysis, affirming the result reached by the magistrate, but for different reasons than the reasons offered by the magistrate. Accordingly, the WCAC purported to affirm the magistrate's decision "with modification," stating that it was affirming the magistrate's finding that plaintiff is not entitled to benefits "with clarification, as provided above."

We agree with plaintiff that the WCAC exceeded its authority by reviewing the magistrate's determination that plaintiff is now partially disabled as a result of his low-back condition. MCL 418.861a(11); MSA 17.237(861a)(11) provides that "[t]he commission . . . shall review only those specific findings of fact . . . that the parties have requested be reviewed." No party had challenged the magistrate's finding of partial disability on appeal to the WCAC. Rather, plaintiff's appeal challenged the magistrate's conclusion that plaintiff's present low-back disability is not work-related because it was not manifested until after plaintiff's last day of work. Therefore, pursuant to subsection 861a(11), the WCAC should have limited its review to the magistrate's findings concerning the issue of work-relatedness and causation. The issue whether there was the requisite competent, material,

and substantial evidence on the whole record to support the magistrate's finding of a partial disability was not an issue raised for the WCAC's consideration.

Although the magistrate's finding concerning the issue of work-relatedness was specifically challenged by plaintiff on appeal, plaintiff's challenge was not based on the overall sufficiency of the evidence, but was directed at the magistrate's failure to recognize that a delay in the manifestation of a disability does not necessarily preclude a finding of work-relatedness. Essentially, the magistrate never really addressed the sufficiency of the evidence with respect to the issue of work-relatedness. Instead, the magistrate indicated that he was basing his determination on the principle that plaintiff's disability was not work-related because plaintiff's low-back condition did not worsen to the point of disability until after plaintiff's last day of work for defendant. The WCAC agreed with plaintiff that the principle that the magistrate used to determine the issue was erroneous, yet the WCAC went on to analyze the sufficiency of the evidence with respect to the issue of work-relatedness.

The WCAC erred in this regard, under *Layman v Newkirk Electric Associates, Inc*, 458 Mich 494; 581 NW2d 244 (1998). In *Layman, supra* at 501-502, 504, a magistrate awarded benefits for work-related disability, but the magistrate did not make any specific finding whether the plaintiff's disabling arthritis was a condition of the aging process subject to the significant-manner standard of work-relatedness set forth in subsection 301(2) of the Worker's Disability Compensation Act (WDCA),[1] nor did the magistrate expressly

---

[1] MCL 418.301(2);  MSA 17.237(301)(2).

apply the significant-manner test. On appeal, the WCAC did not determine whether the magistrate's findings were supported by the requisite competent, material, and substantial evidence on the whole record, because it concluded that the magistrate applied the wrong legal standard, i.e., the less stringent standard of work-relatedness set forth in subsection 301(1) of the WDCA.[2] *Layman, supra,* at 502. The WCAC then proceeded to reverse the award of benefits on the basis of its own determination that the more stringent significant-manner test of work-relatedness had not been met. *Id.* at 503. The Michigan Supreme Court vacated the WCAC's decision and remanded the case to the magistrate, stating that the WCAC had engaged in improper fact finding when it should have remanded the case to the magistrate for further findings according to the proper legal standards. *Id.* at 507-509. In this regard, the Supreme Court held that when a magistrate fails to make sufficient findings concerning matters essential to a proper resolution of the case, the WCAC may not make findings of its own, but must remand the case to the magistrate to make the relevant findings in the first instance. *Id.* at 509. The Court also cautioned against making "alternative findings" when reviewing the magistrate's decision on appeal. *Id.* at 507.

Here, as in *Layman,* the magistrate relied on an erroneous principle to determine the issue of work-relatedness and, therefore, failed to make sufficient findings with regard to matters essential to a proper resolution of the case, i.e., the overall weight and sufficiency of the evidence concerning the issue of work-

---

[2] MCL 418.301(1); MSA 17.237(301)(1).

relatedness. *Layman* indicates that the WCAC exceeded its authority by addressing matters of weight and sufficiency of the evidence that had not been adequately addressed by the magistrate in the first instance. Upon determining that the magistrate had relied on an erroneous legal principle, the WCAC should have disposed of the case by remanding to the magistrate for reconsideration of the issue of work-relatedness according to the correct legal principles.

The order of the WCAC is vacated, and the matter is remanded to the magistrate for reconsideration of the issue of work-relatedness in light of the fact that a delayed manifestation of disability is not necessarily incompatible with a finding of work-relatedness, as noted by the WCAC. We do not retain jurisdiction.